Gershkovich v Shchukin Gallery Inc. (2019 NY Slip Op 05220)





Gershkovich v Shchukin Gallery Inc.


2019 NY Slip Op 05220


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Friedman, J.P., Gische, Kapnick, Singh, JJ.


9773 655982/17

[*1]Vladislav Gershkovich, Plaintiff-Respondent,
v
Shchukin Gallery Inc., et al., Defendants-Appellants.


Weingrad & Weingrad PC, New York (Anna Jinjolava of counsel), for appellants.
Law Office of Irina Frolova, New York (Irina Frolova of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered September 10, 2018, which granted plaintiff's motion for summary judgment on plaintiff's claims and for dismissal of defendants' counterclaims, unanimously affirmed, without costs.
The motion court correctly granted plaintiff summary judgment. Plaintiff met his initial burden on summary judgment by submitting a signed copy of the parties' debt restructuring agreement (DRA), defendants' guarantees of repayment, record evidence of the months of negotiations leading to the agreement, as well as proof of wire transfers of funds loaned to defendants and of their default on repayment.
In opposition, defendants failed to raise a triable issue of fact on the basis of their argument that they signed the DRA and guarantees under duress (Sosnoff v Carter, 165 AD2d 486, 491 [1st Dept 1991]). They are unable to show that they entered into the DRA unwillingly on account of an alleged theft of art by a nonparty to this action allegedly in conspiracy with plaintiff. Not only is there an absence of proof of the alleged theft and conspiracy, but no allegation refers to Gershkovich himself stealing the art, being in possession of the art or threatening defendants in any untoward way. To the extent that the alleged duress was based on Gershkovich's threatened demand for repayment and potential legal action, this theory also fails. It is well-settled that "[the] threatened exercise of a legal right cannot constitute duress" (Nuntnarumit v Lyceum Partners LLC, 165 AD3d 532, 532-533 [1st Dept 2018][citation and internal quotation marks omitted]). Moreover, defendants waived any claim of duress when, after months of participating in negotiations and the drafting of the loan agreement, they entered the agreement, accepted the benefits of the loan, and did not repudiate the agreement.
We have considered defendants' remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK